## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| John Doe, | ) | |
| | ) | Case No. |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Adolfo C. Dulay, M.D. and Adolfo C. | ) | |
| Dulay, M.D., P.A. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### I.    INTRODUCTION

1.      This is a federal challenge to a Florida statute, enacted as S.B. 1792 and designated as Chapter 2013-108, Laws of Florida, which goes into effect July 1, 2013 and authorizes presuit *ex parte* contacts and the release of personal health information in direct violation of federal rights secured by HIPPA and its regulations.  A copy of Chapter 2013-108 is attached hereto at Exhibit "A."

2.      Plaintiff John Doe is a person contemplating filing a medical-malpractice action against defendants for injuries sustained as a result of medical care that did not meet the prevailing standard of care. He has not yet filed a notification of an intent to sue pursuant to state law, §766.106, Florida Statutes, that requires counsel for the plaintiff to give each prospective defendant notice of intent to initiate litigation 90 days before filing suit in court. He files this action pseudonymously in order to protect his privacy and to shield himself from social stigmatization. It is precisely that concern for privacy that operates as a factor weighing heavily upon Plaintiff on whether to undertake the time, difficulty, and expense of commencing a medical-malpractice action. More specifically, it is the potential loss of privacy

with respect to health and other personal issues not relevant to his underlying claims and the lack of control he will retain as a result of the *ex parte* contacts and plenary nature of the authorization of prospective defendants' access to Plaintiff's personal health information contained in newly enacted Chapter 2013-108 during this presuit phase of potential litigation. His decision to pursue a medical malpractice action is, in part, dependent on a declaration of his federal rights, which he contends preempt the Florida Statute, and a decision by this Court to grant the relief he seeks.

3.      Defendants Adolfo C. Dulay, M.D. and Adolfo C. Dulay, M.D., P.A. are health care providers in Madison, Florida who are likely to be named defendants in a state medical-malpractice action by Plaintiff and who, upon information and belief, will then seek to use the authority to obtain personal health information about Plaintiff and engage in *ex parte* communications with his health care providers under this state law.

4.      Plaintiff seeks a declaration that the presuit authorization of *ex parte* communications with his physicians and other health-care providers and the scope of information authorized for release by Chapter 2013-108 violates his federal rights under the federal Health Insurance Portability Accountability Act of 1996 (HIPAA), Pub. L. No. 104-191, 110 Stat. 1936 (codified as amended in various sections of Titles 18, 26, 29, and 42 of the United States Code), in order to evaluate whether, in combination with other factors, he will file a notice of intent with its repugnant, privacy-invasive authorization and pursue his medical malpractice claim in state court.

## II.      JURISDICTION AND VENUE

5.      This Court has jurisdiction over the federal questions raised in this Complaint under 28 U.S.C. §§ 1331 and 2201.

2

6.      This Court also has jurisdiction of the allegations of this Complaint under 28 U.S.C. § 1343(a)(3), which opens the federal courts to "any civil action authorized by law to be commenced by any person . . . [t]o redress the deprivation, under color of any State law . . . , of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States."

7.      This action is authorized by 42 U.S.C. § 1983, under which any person aggrieved by the violation of federal rights under color of state law may file a civil action in federal court for monetary, declaratory, or injunctive relief. Plaintiff has no adequate remedy at law for the violation of his federal rights alleged herein.

8.      Venue is proper in this District under 28 U.S.C. § 1391(b) and 28 U.S.C. § 89.

### III.      PARTIES

9.      Plaintiff John Doe is a resident of Tallahassee, Leon County, Florida. The Defendants provided primary care to him for several years.  Upon information and belief, Defendants' failures to meet the standard of care in treating the Plaintiff's ongoing high blood pressure and proteinuria resulted in him eventually being diagnosed with end-stage renal failure, going on dialysis, and requiring a kidney transplant. Plaintiff John Doe seeks to invoke the federal HIPAA laws to protect him in the event the prospective defendants seek to discover protected health information.

10.      Defendant Adolfo C. Dulay, M.D., **228** N.E. Hancock Avenue, Madison, Florida 32341 is a medical care provider, offering family practice services.  Adolfo C. Dulay, M.D. and Adolfo C. Dulay, M.D., P.A. provided the primary care/family practice services utilized by Plaintiff Doe.

3

11.     A courtesy copy of this Complaint has been served on Florida Attorney General Pam Bondi, who serves as the chief legal officer of the State of Florida and is authorized to intervene in any action, such as this one, which raises the constitutionality of a state statute.

## IV.     STATUTORY PROVISIONS AT ISSUE

12.     S.B. 1792 passed the Florida Senate on April 11, 2013 and passed the Florida House of Representatives on May 1, 2013. It was signed by Florida Governor Rick Scott on June 5, 2013 and designated by the Florida Secretary of State as Chapter 2013-108.

13.     Chapter 2013-108 amends §456.057, Florida Statutes, to permit disclosure to "a health care practitioner's or provider's attorney during a consultation if the health care practitioner or provider reasonably expects to be deposed, to be called as a witness, or to receive formal or informal discovery requests in a medical negligence action, presuit investigation of medical negligence, or administrative proceeding" of any information a patient has conveyed to his or her health care or medical practitioners. S.B. 1792, 2013 Sess., §1 (Fla. 2013) (Ch. 2013-108 (amending §456.057(7)(d)(4), Fla. Stat.)).

14.     It further provides that:

> A prospective defendant or his or her legal representative may interview the claimant's treating health care providers consistent with the authorization for release of protected health information. This subparagraph does not require a claimant's treating health care provider to submit to a request for an interview. Notice of the intent to conduct an interview shall be provided to the claimant or the claimant's legal representative, who shall be responsible for arranging a mutually convenient date, time, and location for the interview within 15 days after the request is made. For subsequent interviews, the prospective defendant or his or her representative shall notify the claimant and his or her legal representative at least 72 hours before the subsequent interview. If the claimant's attorney fails to schedule an interview, the prospective defendant or his or her legal representative may attempt to conduct an interview without further notice to the claimant or the claimant's legal representative.

Ch. 2013-108 (amending §766.106(6)(b)(5), Fla. Stat.).

15.     In addition, Chapter 2013-108 provides a standardized form, which authorizes access to a prospective plaintiff's protected health information, in addition to the prospective defendant health care providers, its insurers, and attorneys designated under preexisting Florida law, the "designated treating health care provider(s) listed below and his/her/its insurer(s), self-insurer(s), and attorney(s)" so that these new designees might "[o]btain[] legal advice or representation arising out of the medical negligence claim described in the accompanying presuit notice." Ch. 2013-108 (amending §766.1085, Fla. Stat.).

16.     The above-described authorization form "expressly allows the persons or class of persons listed . . . to interview the health care providers listed . . . without the presence of the Patient or the Patient's attorney" and requires no notice of such an interview. Ch. 2013-108, (amending §766.106(6)(b)(5), Fla. Stat.).

17.     The statute places the burden on "the claimant or the claimant's legal representative . . . for arranging a mutually convenient date, time and location for the [*ex parte*] interview within 15 days after the request is made."Ch. 2013-108 (amending §766.106(6)(b)5), Fla. Stat.). Failure to schedule "an interview" authorizes the prospective defendant or defendant's lawyer "to conduct an interview without further notice to the claimant or the claimant's legal representative." *Id*.

18.     The statute acknowledges that it implicates federal "'Standards for Privacy of Individually Identifiable Health Information' in 45 C.F.R. parts 160 and 164," Ch. 2013-108, (amending §766.106(6)(b)(5), Fla. Stat.), which were promulgated pursuant to the federal Health Insurance Portability Accountability Act of 1996 (HIPAA), Pub. L. No. 104-191, 110

Stat. 1936 (codified as amended in various sections of Titles 18, 26, 29, and 42 of the United States Code).

19.     HIPAA generally requires that health-care providers, physicians, clinics, and hospitals safeguard and protect patient information, using that information, to the minimum amount necessary to perform tasks of treatment, payment, and healthcare operations. It directed the Secretary of Health and Human Services to promulgate regulations with respect to the privacy of individually identifiable health information. 42 U.S.C. § 1320d-1.

20.     The Secretary subsequently promulgated those regulations, the last revision of which went into effect March 2013.

21.     These regulations establish "a set of national standards for the protection of certain health information," addressing "the use and disclosure of individuals' health information." U.S. Dep't of Health and Human Services, Office for Civil Rights (OCR) Privacy Brief, *Summary of the HIPPA Privacy Rule* (last revised 5/03), Introduction, at 1, *available at* http://www.hhs.gov/ocr/privacy/hipaa/understanding/summary/.

22.     The regulations specifically provide that health care providers may not "disclose protected health information except as permitted or required by this subpart or by subpart C of part 160 of this subchapter." 45 C.F.R. § 164.502(a).

23.     The information protected under the regulations includes an individual's past, present, or future physical or mental health or condition, the provision of health care to the individual, or the past, present, or future payment for the provision of health care to the individual, as well as information that identifies the individual or for which there is a reasonable basis to believe it can be used to identify the individual.

6

24.     With respect to judicial or administrative proceedings, the HIPAA regulations permit disclosure by an order from a court or administrative tribunal. 45 C.F.R. § 164.512(e)(1).

25.     When not accompanied by a court order in the context of a judicial proceeding, private health care information may be disclosed in response to a subpoena, discovery request, or other lawful process as long as reasonable efforts have been made to provide notice of the request or that a qualified protective order obtained. 45 C.F.R. § 164.512(e)(1)(ii).

26.     The regulations expressly preempt contrary state law, except to the extent state law is more protective of patient privacy than federal law.

### V.      DECLARATORY JUDGMENT ACT ALLEGATIONS

27.     Under 28 U.S.C. §§ 2201 and 2202, this Court has the power to order declaratory relief even if no other relief is requested or granted. Plaintiff desires a judicial determination of her federal legal rights with respect to Chapter 2013-108's authorization of the release of personal health information and *ex parte* communications with her health care providers.

28.     HIPAA protects the personal health and medical information from uses not related to medical and health care.

29.     HIPAA contains exceptions for purposes of judicial proceedings that permit limited, necessary disclosure of personal health information and specifies the procedure for obtaining this information, namely, upon notice through court order, subpoena, or a discovery request pursuant to judicial rules.

30.     Chapter 2013-108 authorizes procedures at variance from, and in derogation of, what is authorized by federal law.

31.     Chapter 2013-108 permits prelitigation *ex parte* interviews of a prospective plaintiff's health-care and medical-care providers without notice or the issuance of a qualified protective order or other court order, in contravention to the requirements expressed in the HIPAA regulations.

32.     Because Chapter 2013-108 applies prior to the initiation of litigation (during the presuit process), it has no mechanism for judicial review to determine the relevance, burden, or necessity of the information sought by defendant's counsel or any other person authorized by Chapter 2013-108.

33.     HIPAA expressly preempts these contrary procedures.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff John Doe respectfully requests that this Court grant the following relief:

a.     A declaration that Chapter 2013-108's authorization of *ex parte* and other access to Plaintiff's personal information, different from and additional to preexisting law, is expressly preempted by HIPAA, *see* 42 U.S.C. § 1320d-7(a)(1), and its regulations, 45 C.F.R. § 164.512(e);

b.     An order enjoining implementation of Chapter 2013-108 to the extent preempted by HIPAA pursuant to this Court's declaration;

c.     An award to Plaintiff of its costs and expenses of litigation, including reasonable attorney's fees; and

d.     Any such other and further relief as the Court may deem just and proper under the circumstances.

Dated this 1st day of July, 2013.

8

Respectfully submitted,

James Fasig, Esq. (FBN 13453)
Dana Brooks, Esq. (FBN 51127)
EUBANKS BARRETT FASIG & BROOKS
3360 Capital Circle, NE, Suite B
Tallahassee, FL 32308
(850) 224-3310/(850) 224-3344 Fax
dana@tallahasseepersonalinjury.com


Robert S. Beck
D.C. Bar No. 419312
CENTER FOR CONSTITUTIONAL
LITIGATION, P.C.
777 6th Street, N.W.
Suite 520
Washington, D.C. 20001
(202) 277-6006
Fax (202) 965-0920
Robert.peck@cclfirm.com

9

CHAPTER 2013-108

Senate Bill No. 1792

An act relating to medical negligence actions; amending s. 456.057, F.S.; authorizing a health care practitioner or provider who reasonably expects to be deposed, to be called as a witness, or to receive discovery requests to consult with an attorney on certain matters; authorizing the disclosure of patient information in connection with litigation under certain circumstances; prohibiting a medical liability insurer from selecting an attorney for a health care practitioner or provider or recommending that a practitioner or provider seek legal counsel on a particular matter; authorizing a medical liability insurer to recommend an attorney to a health care practitioner or provider under certain circumstances; restricting the health care practitioner's or provider's attorney from disclosing information to the medical liability insurer under certain circumstances; authorizing the health care practitioner's or provider's attorney to represent the insurer or other insureds of the insurer in unrelated matters; specifying exceptions to the limitations on disclosures by the attorney to the insurer of the practitioner or provider; amending s. 766.102, F.S.; revising qualifications to give expert testimony on the prevailing professional standard of care; deleting provision regarding limitations of section; amending s. 766.106, F.S.; providing that a prospective defendant may conduct an interview with a claimant's treating health care provider as a tool of informal discovery; amending s. 766.1065, F.S.; revising the form for the authorization of release of protected health information; providing for the release of protected health information to certain treating health care providers, insurers, and attorneys; authorizing a treating health care provider, insurer, or attorney to use protected health information in connection with legal services relating to a medical negligence claim; authorizing certain individuals and entities to conduct interviews with the claimant's health care providers; amending s. 381.028, F.S.; conforming a cross-reference to changes made by the act; providing for application of the act to certain causes of action; providing an effective date.

Be It Enacted by the Legislature of the State of Florida:

Section 1.   Subsections (7) and (8) of section 456.057, Florida Statutes, are amended, and present subsections (9) through (21) of that section are renumbered as subsections (8) through (20), respectively, to read:

456.057   Ownership and control of patient records; report or copies of records to be furnished; disclosure of information.—

(7)(a)   Except as otherwise provided in this section and in s. 440.13(4)(c), such records may not be furnished to, and the medical condition of a patient may not be discussed with, any person other than the patient, ~~or~~ the patient's legal representative, or other health care practitioners and providers

1

CODING: Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.



involved in the ~~patient's~~ care or treatment ~~of the patient~~, except upon written authorization from ~~of~~ the patient. However, such records may be furnished without written authorization under the following circumstances:

1.  To any person, firm, or corporation that has procured or furnished such care ~~examination~~ or treatment with the patient's consent.

2.  When compulsory physical examination is made pursuant to Rule 1.360, Florida Rules of Civil Procedure, in which case copies of the medical records shall be furnished to both the defendant and the plaintiff.

3.  In any civil or criminal action, unless otherwise prohibited by law, upon the issuance of a subpoena from a court of competent jurisdiction and proper notice to the patient or the patient's legal representative by the party seeking such records.

4.  For statistical and scientific research, provided the information is abstracted in such a way as to protect the identity of the patient or provided written permission is received from the patient or the patient's legal representative.

5.  To a regional poison control center for purposes of treating a poison episode under evaluation, case management of poison cases, or compliance with data collection and reporting requirements of s. 395.1027 and the professional organization that certifies poison control centers in accordance with federal law.

(b)  Absent a specific written release or authorization permitting utilization of patient information for solicitation or marketing the sale of goods or services, any use of that information for those purposes is prohibited.

(c)~~(8)~~  ~~Except in a medical negligence action or administrative proceeding when a health care practitioner or provider is or reasonably expects to be named as a defendant,~~ Information disclosed to a health care practitioner by a patient in the course of the care and treatment of such patient is confidential and may be disclosed only to other health care practitioners and providers involved in the care or treatment of the patient, ~~or~~ if allowed ~~permitted~~ by written authorization from the patient, or if compelled by subpoena at a deposition, evidentiary hearing, or trial for which proper notice has been given.

(d)  Notwithstanding paragraphs (a)-(c), information disclosed by a patient to a health care practitioner or provider or records created by the practitioner or provider during the course of care or treatment of the patient may be disclosed:

1.  In a medical negligence action or administrative proceeding if the health care practitioner or provider is or reasonably expects to be named as a defendant;

2.  Pursuant to s. 766.106(6)(b)5.;

CODING: Words ~~stricken~~ are deletions; words underlined are additions.

3.  As provided for in the authorization for release of protected health information filed by the patient pursuant to s. 766.1065; or

4.  To the health care practitioner's or provider's attorney during a consultation if the health care practitioner or provider reasonably expects to be deposed, to be called as a witness, or to receive formal or informal discovery requests in a medical negligence action, presuit investigation of medical negligence, or administrative proceeding.

a.  If the medical liability insurer of a health care practitioner or provider described in this subparagraph represents a defendant or prospective defendant in a medical negligence action:

(I)  The insurer for the health care practitioner or provider may not contact the health care practitioner or provider to recommend that the health care practitioner or provider seek legal counsel relating to a particular matter.

(II)  The insurer may not select an attorney for the practitioner or the provider. However, the insurer may recommend attorneys who do not represent a defendant or prospective defendant in the matter if the practitioner or provider contacts an insurer relating to the practitioner's or provider's potential involvement in the matter.

(III)  The attorney selected by the practitioner or the provider may not, directly or indirectly, disclose to the insurer any information relating to the representation of the practitioner or the provider other than the categories of work performed or the amount of time applicable to each category for billing or reimbursement purposes. The attorney selected by the practitioner or the provider may represent the insurer or other insureds of the insurer in an unrelated matter.

b.  The limitations in this subparagraph do not apply if the attorney reasonably expects the practitioner or provider to be named as a defendant and the practitioner or provider agrees with the attorney's assessment, if the practitioner or provider receives a presuit notice pursuant to chapter 766, or if the practitioner or provider is named as a defendant.

Section 2.   Paragraph (a) of subsection (5) and subsection (14) of section 766.102, Florida Statutes, are amended to read:

766.102   Medical negligence; standards of recovery; expert witness.—

(5)  A person may not give expert testimony concerning the prevailing professional standard of care unless the person is a health care provider who holds an active and valid license and conducts a complete review of the pertinent medical records and meets the following criteria:

(a)  If the health care provider against whom or on whose behalf the testimony is offered is a specialist, the expert witness must:

CODING: Words stricken are deletions; words underlined are additions.

Case 4:13-cv-00378-RH-CAS   Document 1   Filed 07/01/13   Page 13 of 18

1.  Specialize in the same specialty as the health care provider against whom or on whose behalf the testimony is offered; or specialize in a similar specialty that includes the evaluation, diagnosis, or treatment of the medical condition that is the subject of the claim and have prior experience treating similar patients; and

2.  Have devoted professional time during the 3 years immediately preceding the date of the occurrence that is the basis for the action to:

a.  The active clinical practice of, or consulting with respect to, the same or similar specialty that includes the evaluation, diagnosis, or treatment of the medical condition that is the subject of the claim and have prior experience treating similar patients;

b.  Instruction of students in an accredited health professional school or accredited residency or clinical research program in the same or similar specialty; or

c.  A clinical research program that is affiliated with an accredited health professional school or accredited residency or clinical research program in the same or similar specialty.

(14)  This section does not limit the power of the trial court to disqualify or qualify an expert witness on grounds other than the qualifications in this section.

Section 3.  Paragraph (b) of subsection (6) of section 766.106, Florida Statutes, is amended to read:

766.106  Notice before filing action for medical negligence; presuit screening period; offers for admission of liability and for arbitration; informal discovery; review.—

(6)  INFORMAL DISCOVERY.—

(b)  Informal discovery may be used by a party to obtain unsworn statements, the production of documents or things, and physical and mental examinations, as follows:

1.  Unsworn statements.—Any party may require other parties to appear for the taking of an unsworn statement. Such statements may be used only for the purpose of presuit screening and are not discoverable or admissible in any civil action for any purpose by any party. A party desiring to take the unsworn statement of any party must give reasonable notice in writing to all parties. The notice must state the time and place for taking the statement and the name and address of the party to be examined. Unless otherwise impractical, the examination of any party must be done at the same time by all other parties. Any party may be represented by counsel at the taking of an unsworn statement. An unsworn statement may be recorded electronically, stenographically, or on videotape. The taking of unsworn statements is

4

CODING: Words stricken are deletions; words underlined are additions.

subject to the provisions of the Florida Rules of Civil Procedure and may be terminated for abuses.

2. Documents or things.—Any party may request discovery of documents or things. The documents or things must be produced, at the expense of the requesting party, within 20 days after the date of receipt of the request. A party is required to produce discoverable documents or things within that party's possession or control. Medical records shall be produced as provided in s. 766.204.

3. Physical and mental examinations.—A prospective defendant may require an injured claimant to appear for examination by an appropriate health care provider. The prospective defendant shall give reasonable notice in writing to all parties as to the time and place for examination. Unless otherwise impractical, a claimant is required to submit to only one examination on behalf of all potential defendants. The practicality of a single examination must be determined by the nature of the claimant's condition, as it relates to the liability of each prospective defendant. Such examination report is available to the parties and their attorneys upon payment of the reasonable cost of reproduction and may be used only for the purpose of presuit screening. Otherwise, such examination report is confidential and exempt from the provisions of s. 119.07(1) and s. 24(a), Art. I of the State Constitution.

4. Written questions.—Any party may request answers to written questions, the number of which may not exceed 30, including subparts. A response must be made within 20 days after receipt of the questions.

5. Interviews of treating health care providers.—A prospective defendant or his or her legal representative may interview the claimant's treating health care providers consistent with the authorization for release of protected health information. This subparagraph does not require a claimant's treating health care provider to submit to a request for an interview. Notice of the intent to conduct an interview shall be provided to the claimant or the claimant's legal representative, who shall be responsible for arranging a mutually convenient date, time, and location for the interview within 15 days after the request is made. For subsequent interviews, the prospective defendant or his or her representative shall notify the claimant and his or her legal representative at least 72 hours before the subsequent interview. If the claimant's attorney fails to schedule an interview, the prospective defendant or his or her legal representative may attempt to conduct an interview without further notice to the claimant or the claimant's legal representative.

6.5. Unsworn statements of treating health care providers.—A prospective defendant or his or her legal representative may also take unsworn statements of the claimant's treating health care providers. The statements must be limited to those areas that are potentially relevant to the claim of personal injury or wrongful death. Subject to the procedural requirements of subparagraph 1., a prospective defendant may take unsworn statements

5

CODING: Words stricken are deletions; words underlined are additions.

from a claimant's treating physicians. Reasonable notice and opportunity to be heard must be given to the claimant or the claimant's legal representative before taking unsworn statements. The claimant or claimant's legal representative has the right to attend the taking of such unsworn statements.

Section 4.  Subsection (3) of section 766.1065, Florida Statutes, is amended to read:

766.1065  Authorization for release of protected health information.—

(3)  The authorization required by this section shall be in the following form and shall be construed in accordance with the "Standards for Privacy of Individually Identifiable Health Information" in 45 C.F.R. parts 160 and 164:

### AUTHORIZATION FOR RELEASE OF
### PROTECTED HEALTH INFORMATION

A.  I, (...Name of patient or authorized representative...) [hereinafter "Patient"], authorize that (...Name of health care provider to whom the presuit notice is directed...) and his/her/its insurer(s), self-insurer(s), and attorney(s), and the designated treating health care provider(s) listed below and his/her/its insurer(s), self-insurer(s), and attorney(s) may obtain and disclose (within the parameters set out below) the protected health information described below for the following specific purposes:

1.  Facilitating the investigation and evaluation of the medical negligence claim described in the accompanying presuit notice; or

2.  Defending against any litigation arising out of the medical negligence claim made on the basis of the accompanying presuit notice; or.

3.  Obtaining legal advice or representation arising out of the medical negligence claim described in the accompanying presuit notice.

B.  The health information obtained, used, or disclosed extends to, and includes, the verbal health information as well as the written health information and is described as follows:

1.  The health information in the custody of the following health care providers who have examined, evaluated, or treated the Patient in connection with injuries complained of after the alleged act of negligence: (List the name and current address of all health care providers). This authorization extends to any additional health care providers that may in the future evaluate, examine, or treat the Patient for the injuries complained of.

2.  The health information in the custody of the following health care providers who have examined, evaluated, or treated the Patient during a

6

period commencing 2 years before the incident that is the basis of the accompanying presuit notice.

(List the name and current address of such health care providers, if applicable.)

C.   This authorization does not apply to the following list of health care providers possessing health care information about the Patient because the Patient certifies that such health care information is not potentially relevant to the claim of personal injury or wrongful death that is the basis of the accompanying presuit notice.

(List the name of each health care provider to whom this authorization does not apply and the inclusive dates of examination, evaluation, or treatment to be withheld from disclosure. If none, specify "none.")

D.   The persons or class of persons to whom the Patient authorizes such health information to be disclosed or by whom such health information is to be used:

1.   Any health care provider providing care or treatment for the Patient.

2.   Any liability insurer or self-insurer providing liability insurance coverage, self-insurance, or defense to any health care provider to whom presuit notice is given, or to any health care provider listed in subsections B.1.-2. above, regarding the care and treatment of the Patient.

3.   Any consulting or testifying expert employed by or on behalf of (name of health care provider to whom presuit notice was given) and his/her/its insurer(s), self-insurer(s), or attorney(s) regarding the matter of the presuit notice accompanying this authorization.

4.   Any attorney (including his/her secretarial, clerical, or paralegal staff) employed by or on behalf of (name of health care provider to whom presuit notice was given) or employed by or on behalf of any health care provider(s) listed in subsections B.1.-2. above, regarding the matter of the presuit notice accompanying this authorization or the care and treatment of the Patient.

5.   Any trier of the law or facts relating to any suit filed seeking damages arising out of the medical care or treatment of the Patient.

E.   This authorization expressly allows the persons or class of persons listed in subsections D.2.-4. above to interview the health care providers listed in subsections B.1.-2. above, without the presence of the Patient or the Patient's attorney.

F.E.   This authorization expires upon resolution of the claim or at the conclusion of any litigation instituted in connection with the matter of the presuit notice accompanying this authorization, whichever occurs first.

7

CODING: Words stricken are deletions; words underlined are additions.

G.F.   The Patient understands that, without exception, the Patient has the right to revoke this authorization in writing. The Patient further understands that the consequence of any such revocation is that the presuit notice under s. 766.106(2), Florida Statutes, is deemed retroactively void from the date of issuance, and any tolling effect that the presuit notice may have had on any applicable statute-of-limitations period is retroactively rendered void.

H.G.   The Patient understands that signing this authorization is not a condition for continued treatment, payment, enrollment, or eligibility for health plan benefits.

I.H.   The Patient understands that information used or disclosed under this authorization may be subject to additional disclosure by the recipient and may not be protected by federal HIPAA privacy regulations.

Signature of Patient/Representative: ......

Date: ......

Name of Patient/Representative: ......

Description of Representative's Authority: ......

Section 5.   Paragraph (c) of subsection (7) of section 381.028, Florida Statutes, is amended to read:

381.028   Adverse medical incidents.—

(7)   PRODUCTION OF RECORDS.—

(c)1.   Fees charged by a health care facility for copies of records requested by a patient under s. 25, Art. X of the State Constitution may not exceed the reasonable and actual cost of complying with the request, including a reasonable charge for the staff time necessary to search for records and prevent the disclosure of the identity of any patient involved in the adverse medical incident through redaction or other means as required by the Health Insurance Portability and Accountability Act of 1996 or its implementing regulations. The health care facility may require payment, in full or in part, before acting on the records request.

2.   Fees charged by a health care provider for copies of records requested by a patient under s. 25, Art. X of the State Constitution may not exceed the amount established under s. 456.057(17) s. 456.057(18), which may include a reasonable charge for the staff time necessary to prevent the disclosure of the identity of any patient involved in the adverse medical incident through redaction or other means as required by the Health Insurance Portability and Accountability Act of 1996 or its implementing regulations. The health care provider may require payment, in full or in part, before acting on the records request.

8

CODING: Words stricken are deletions; words underlined are additions.

**Ch. 2013-108**          **LAWS OF FLORIDA**          **Ch. 2013-108**

Section 6.   (1)   The amendments made by this act to ss. 456.057, 766.106, and 766.1065, Florida Statutes, apply to causes of action accruing before, on, or after the effective date of this act.

(2)   The amendments made by this act to s. 766.102, Florida Statutes, apply to causes of action accruing on or after the effective date of this act.

Section 7.   This act shall take effect July 1, 2013.

Approved by the Governor June 5, 2013.

Filed in Office Secretary of State June 5, 2013.

CODING: Words stricken are deletions; words underlined are additions.